

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-90,476-01, WR-90,476-02 AND WR-90,476-03

### EX PARTE TEVIN TYRELL GARRETT, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 18CR20508A, 17CR20221A AND 17CR20217A
### IN THE 123RD DISTRICT COURT
### FROM SHELBY COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of evading arrest or detention with a motor vehicld and two charges of burglary of a habitation and originally received deferred adjudication community supervision. He was later adjudicated guilty and sentenced to ten years' imprisonment for the evading arrest charge and twenty years' imprisonment for each of the burglary charges, all running concurrently. He did not appeal his convictions.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance resulting in unknowing and involuntary pleas. Applicant alleges that trial counsel failed to adequately consult with him, and advised him to plead guilty to all three charges without advising him that the State lacked sufficient evidence to support the convictions.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether he communicated with Applicant, whether he advised Applicant of the State's evidence, and what advice, if any, he provided to Applicant with regard to his options of entering a plea or going to trial on the charges. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas records with copies of all of the relevant plea documents in these cases, including any written plea agreements, admonishments, waivers, stipulations and judicial confessions, any evidence that was introduced to support the pleas, and a transcript of the plea proceedings. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether Applicant's original pleas of guilty were knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 6, 2019
Do not publish